UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO.:00-6137-EBD
MAGISTRATE:BROWN



ADVOCATES FOR THE DISABLED, INC.
    Plaintiff(s),

vs.

EL MAR TROPIC RANCH, INC.
    Defendant(s).
_____/

### SOUTHERN DISTRICT JOINT SCHEDULING REPORT WITH PROPOSED ORDER

PROPOSED TRIAL DATE:    After 180 days from the Court's Order approving Joint Scheduling Report.

                            Proposed Trial Date:06/01/00

ESTIMATED TIME FOR TRIAL: 2 Days, Non-Jury

CASE MANAGEMENT TRACK: Expedited

    The parties, pursuant to Local Rule 16.1 (B) (7) file their Joint Scheduling Report as follows:

**A.    SCHEDULE**

    The Parties propose the following Schedule:

| Date | Event |
|---|---|
| 120 days from the Court's Order approving Joint Scheduling Report. 10/01/00 | All non-dispositive pre-trial motions (including motions pursuant to Fed.R.Civ.Proc.14,15,18-22 and 42) shall be filed. Any motion to amend or supplement the pleadings filed pursuant to Rule 15(a) or 15(d) shall comport with Local Rule 15.1 and shall be accompanied by the proposed amended or supplemental pleading and a proposed order as required. |



45 days from the Court's Order
approving Joint Scheduling Report.
OR BY:07/15/00

Plaintiff shall furnish opposing counsel with written list containing the names and addresses of all expert witnesses intended to be called at trial and only those experts shall be permitted to testify. Within the thirty (30) day period following this disclosure, Plaintiff's shall make their experts available for deposition by Defendant without further Order from the Court.

75 days from the Court's Order
approving Joint Scheduling Report
OR BY:09/15/00

Defendant shall furnish opposing counsel with written list containing the names and addresses of all expert witnesses intended to be called at trial and only those experts shall be permitted to testify. Within the thirty (30) day period following this disclosure, Defendant shall make its experts available for deposition by Plaintiffs without further order from the Court.

105 days from the Court's Order
approving Joint Scheduling Report
OR BY:10/15/00

All expert Discovery shall be completed.

150 days from the Court's Order
approving Joint Scheduling Report
11/01/00

All Discovery shall be completed.

180 days from the Court's Order
approving Joint Scheduling Report
12/01/00

All dispositive pretrial motions and memoranda of law must be filed.

| | |
|---|---|
| 180 days from the Court's Order approving Joint Scheduling Report OR BY:12/01/00 | Mediation shall be completed. |
| 180 days from the Court's Order approving Joint Scheduling Report OR BY:12/01/00 | Pretrial Stipulation: The Joint Pretrial Stipulation pursuant to Local rule 16.1(E) shall be filed. In addition, all motions in limine shall be filed. Motions in limine shall include, but not limited to, issues relating to the admissibility of evidence, the qualification of expert witnesses, claims of privilege, and other threshold matters under Fed. Rule Civ. Proc.104(a). The pretrial memoranda shall succinctly summarize each of the major evidentiary and legal issues in dispute. All memoranda shall cite, and explain the applicability of, relevant cases (shepardized) in support of each parties' position. Copies of significant cases shall be attached to the memoranda with relevant portions highlighted. **The Court will not accept unilateral pretrial stipulations, and will strike sua sponte any such submissions.** |
| After 180 days from the Court's Order approving Joint Scheduling Report OR BY:12/15/00 | Suggested pretrial conference. |
| 06/01/00 | Suggested Trial date. |

**B.   LIKELIHOOD OF SETTLEMENT**

The parties are negotiating a Stipulated Settlement. The parties will advise the Court of any settlement.

C. **LIKELIHOOD OF APPEARANCE IN THE ACTION OF ADDITIONAL PARTIES**

Unknown at this time.

D. **PROPOSAL FOR THE FORMULATION AND SIMPLIFICATION OF ISSUES INCLUDING THE ELIMINATION OF FRIVOLOUS CLAIMS OR DEFENSES**

The parties at this time have no proposals for Simplification.

E. **THE NECESSITY OR DESIRABILITY OF AMENDMENTS/ PLEADINGS**

Unknown at this time.

F. **THE POSSIBILITY OF AUTHENTICATING DOCUMENTS AND ENTERING IN AGREEMENTS, ELIMINATING THE NEED FOR COURT INTERVENTION ON THE ADMISSIBILITY OF EVIDENCE**

The parties anticipate that they will be able to Stipulate to additional facts and to the authenticity of most, if not all documents after Discovery.

G. **SUGGESTIONS FOR THE AVOIDANCE OF UNNECESSARY PROOF AND ACCUMULATIVE EVIDENCE**

The parties will meet to pre-admit evidence in a uniform manner.

H. **SUGGESTIONS ON THE ADVISABILITY OF REFERRING MATTERS TO MAGISTRATE JUDGE OR MASTER**

The parties are unable to agree on final disposition by Magistrate Judges of Motions for Costs, Motions for Attorneys' Fees, Motions for Sanctions, Motions to Dismiss, and Motions for Summary Judgement, and Trial.

There are no other unique issue in this case, which should be referred to a special Master or Magistrate Judge.

I. **OTHER INFORMATION THE PARTIES DEEM HELPFUL TO THE COURT IN SETTING THE CASE FOR STATUS OR PRETRIAL CONFERENCE**

1. Statement of the Nature of the Claim:

    This is a suit for injunctive relief brought pursuant to the provisions of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. The Defendant is the owner of a place of public accommodation as defined under the Americans with Disabilities Act. The Plaintiff seeks an injunction requiring the removal of architectural barriers to the physically disabled that the Plaintiff contends are readily achievable. The Defendant asserts that certain modifications to the Defendant's facilities are not readily achievable, not required, or would create an undue hardship on the Defendant.

2. Summary of Stipulated or Uncontested facts:

    A. The Defendant is the owner, or operator or lessor or leases from the owner of the place of public accommodation described above.

    B. The Defendant's property is a place of public accommodation within the meaning of the Americans with Disabilities Act.

    C. The provisions of the Americans with Disabilities Act and certain of the federal regulations enacting the Americans with Disabilities Act, 28 C.F.R. Part 36 may apply in this action.

3. Summary of issues as presently known:

    A. Whether the Defendant's property contains barriers to access as defined under the Americans with Disabilities Act.

    B. Whether the removal of any such barriers is required or is readily achievable.

      C.      Whether the removal of the barriers, if any, would create an undue hardship on the Defendant.

      D.      Whether the Plaintiffs are entitled to attorneys' fees and costs for this action.

4. <u>Summary of pending motions, if any</u>:

   None at this time.

5. <u>Progress of discovery in the case, if any</u>:

   The Plaintiffs have served Interrogatories and a Request for Production. The parties have completed/will complete an inspection of the Defendant's property with the respective representatives of the parties as well as architects. The parties shall confer regarding the disclosure requirements of Fed. R. Civ. P.(26)(a)(1-4)

6. <u>Unique legal or factual aspects of the case</u>:

   None.

J.    **LEAD COUNSEL FOR EACH OF THE PARTIES AS PRESENTLY OF RECORD**

_____  
/cp Judd A. Aronowitz  
Florida Bar No.:  
Attorney for Plaintiff  
FULLER, MALLAH & ASSOCIATES, P.A.  
111 1 Lincoln Road, Suite 802  
Miami Beach, FL 33139  
Telephone: (305) 538-6483  
Facsimile: (305) 534-9894  
Date: April 10, 2000

_____  
John Todd, pro se  
Florida Bar No.:  
Attorney for Defendant  
4560 El Mar Drive  
Lauderdale by the Sea, Florida  
(954) 772-3910 ext. 21  
Date: April 6, 2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO:00-6137

MAGISTRATE: BROWN

ADVOCATES FOR THE DISABLED, INC.
    Plaintiff(s),

vs.

EL MAR TROPIC RANCH, INC.
    Defendant(s).
_____/

**PROPOSED JOINT SCHEDULING ORDER**

This case came on for hearing on the Joint Scheduling Report filed by the parties, and based upon the Joint Scheduling Report, it is

ORDERED and ADJUDGED as follows:

This case is assigned to the expedited track case management track pursuant to provisions of Rule 16.1 (A) of the Local rules of the United States District Court for the Southern District of Florida. It is further,

ORDERED and ADJUDGED that all Non-dispositive Motions directed to join additional parties and to amend the pleadings will be accomplished on or before_____; and it is further,

ORDERED and ADJUDGED that Plaintiffs shall disclose their expert witnesses on or before _____ and the Defendant(s) shall disclose their expert witnesses on or before_____ _____ and it is further,

ORDERED and ADJUDGED that the parties shall conclude discovery of this matter on or before

_____ and it is further,

ORDERED and ADJUDGED that all dispositive motions and memorandum of law shall be filed on or before_____ with reply memorandum to follow within the rules of procedure and it is further,

ORDERED and ADJUDGED that Manual on Complex Litigation shall not be used in this matter, and it is further,

ORDERED and ADJUDGED that the case is set for Pre-Trial Conference on_____,

and it is further,

ORDERED and ADJUDGED that this case is set for Trial commencing on the trial period _____ at _____ a.m/p.m., and all parties are directed to report to the Calendar Call on _____ at_____a.m./p.m.

DONE and ORDERED in Chambers this _____ day of _____,_____ at Miami Dade County, Florida.

_____
UNITED STATES DISTRICT JUDGE

Copies Furnished To:

Judd A. Aronowitz
FULLER, MALLAH & ASSOCIATES
1111 LINCOLN RD. #802
MIAMI BEACH, FL.33139

John Todd, pro se
4560 El Mar Drive
Lauderdale by the Sea, Florida